UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME P. GENOVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12 C 3105 |
| | ) | |
| ERIC KELLOGG, JOSEPH LETKE, | ) | |
| LETKE & ASSOCIATES, INC., and | ) | |
| the CITY OF HARVEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendants Eric Kellogg's ("Kellogg") and the City of Harvey's ("Harvey") (together " Defendants") motion to disqualify Plaintiff's counsel under Northern District of Illinois Local Rules 83.51.9(a) ("Rule 1.9(a)"). For the following reasons, the motion is granted.

## BACKGROUND

From April of 2003 until June 16, 2011, attorney Eydie R. Glassman ("Glassman") represented Harvey, an Illinois municipality, its mayor, officers, elected officials, or employees in over sixty civil cases while with the law firm Johnson & Bell,

Ltd ("J&B").[1]  The vast majority of these cases called for Glassman to defend against claims brought under 42 U.S.C. § 1983 ("section 1983") arising from allegations of police misconduct and corrupt hiring practices.  Glassman left J&B in July 2012 to open her own law practice and has not represented Harvey or any of its officers or employees since that time.

On April 26, 2012, Plaintiff Jerome Genova ("Genova") filed a claim under section 1983 against Harvey; Kellogg, Harvey's mayor; Joseph Letke ("Letke"), Harvey's comptroller; and Letke & Associates, Inc. ("L&A"), Genova's former employer and the accounting firm which Letke served as president.  The complaint alleges that Genova and his wife were supporters of Kellogg's opponent during the 1999 and 2003 Harvey mayoral elections, that Kellogg threatened to remove Letke from his position as comptroller unless he fired Genova from L&A, and that Letke succumbed to Kellogg's threats by discharging Genova on April 29, 2010.  On August 11, 2012, Glassman filed her appearance with the Court as Genova's attorney.  Prior to appearing in this matter, Glassman attests that she conducted a conflict of interest check by reviewing court records and her own case files to ensure that no conflict existed in

---

[1]  Although Glassman claims that her last representation of Harvey ceased in April of 2012, the Court's review of PACER records indicates that she remained as counsel for Harvey and two police officers in *Hobby v. P.O. Waltz*, No. 11-cv-1064, until the case was dismissed on June 16, 2011.

this matter. Satisfied that none existed, Glassman proceeded to represent Genova in this matter.

On September 7, 2012, Defendants' counsel sent a letter to Glassman demanding that she withdraw from this matter in light of her continuing duties of loyalty and confidentiality to the Defendants. Glassman refused to do so, denying that her prior representation of the Defendants imparted any confidential information relevant to this matter. The Defendants now bring the instant motion, and with the parties having fully briefed their arguments, we proceed to decide whether disqualification is appropriate.

## LEGAL STANDARD

When considering a motion to disqualify counsel, courts must strike a balance between two important values: "the sacrosanct privacy of the attorney-client relationship (and the professional integrity implicated by that relationship) and the prerogative of a party to proceed with counsel of its choice." *Schiessle v. Stephens*, 717 F.2d 417, 419-20 (7th Cir. 1983). Disqualification is a "drastic measure," a remedy that is appropriate only when "absolutely necessary." *Id.* at 420. The moving party bears the burden of showing facts warranting disqualification. *Van Jackson v. Check 'N Go of Ill.*, 114 F. Supp. 2d 731, 732 (N.D. Ill. 2000). Nevertheless, doubts as to the existence of a conflict must be resolved in favor of disqualification. *Id.* (*citing United States v. Goot*, 894 F.2d 231, 235 (7th Cir. 1990)).

## DISCUSSION

The Defendants urge the Court to disqualify Glassman from this matter because the factual circumstances underlying Genova's claim are sufficiently similar to claims that Glassman defended against on behalf of the Defendants. Genova responds that the Defendants have not met their burden in establishing a conflict of interest. Rule 1.9, adopted from the Model American Bar Association Model Rules of Professional Conduct, governs whether a conflict of interest with a former client precludes an attorney from representing another client. Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after disclosure.

There is no dispute that Genova's interests are adverse to those of the Defendants and that the Defendants have not consented to Glassman's representation of Genova. The propriety of Glassman's representation therefore depends on whether Genova's claim against the Defendants is "substantially related" to her prior representation of the Defendants.

In determining whether two cases are "substantially related," the Court considers "whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent

representation." *LaSalle Nat'l Bank v. Lake Cnty.*, 703 F.2d 252, 255 (7th Cir. 1983).

The following three-step inquiry guides our analysis on this question:

> First, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Third, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*Id.* at 255-56.

The Defendants cite three cases[2] with similar circumstances as the instant action in which Glassman acted as their attorney. In the three cases, brought in 2006 and 2007, the Defendants were sued for Kellogg's alleged hiring, disciplining or termination of police officers based solely on the officers' political allegiance to him. All three cases eventually settled and were dismissed pursuant to Federal Rule of Civil Procedure 41. In light of the factual allegations giving rise to the three actions coupled with Glassman's representation of the Defendants in those actions, the Court finds it reasonable to infer that Glassman learned of confidential information pertaining to Harvey's employment practices and Kellogg's use of political power as a means to affect Harvey's employment practices.

---

[2] Glassman represented the Defendants in *Sutton v. City of Harvey*, Case No. 06-cv-1365; *Loggins v. City of Harvey*, Case No. 06-cv-3248; and *Mason v. Kellogg*, Case No. 07-cv-1809.

Glassman responds in her brief and affidavit that she never actually learned of any confidential information that would be prejudicial to the Defendants in this matter. Glassman may well be correct. However, our inquiry does not turn on whether confidential information was in fact exchanged. Rather, the appropriate focus is whether "the lawyer *could* have obtained confidential information in the first representation that would have been relevant in the second." *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983) (emphasis added). Whether Glassman actually learned of confidential information pertaining to the Defendants is irrelevant to our determination. *Id.* at 1267.

Finally, as in the prior actions, the focus of Genova's action is centered on Kellogg's alleged political corruption. Genova claims that Kellogg leveraged his political power to have him fired for supporting Kellogg's erstwhile political rival. As was the case in the prior three actions, allegations of Kellogg improperly using his political power to have persons hired or fired serve as a necessary predicate to Genova's claim. Furthermore, it is reasonable to infer that Glassman's prior representation informed her of Kellogg's modus operandi with respect to his use of clout to make hiring and firing decisions. In light of the similarities in the circumstances underlying the instant claim and the three prior actions, the Court finds that the confidential information likely to have been shared with Glassman during her representation of the

Defendants is relevant to the instant claim. Accordingly, the Court concludes that Glassman's current representation is substantially related to her prior representation, and that disqualification is appropriate.

## CONCLUSION

For the foregoing reasons, the Defendants motion to disqualify Glassman from representing Genova in this matter is granted.

Charles P. Kocoras
United States District Judge

Dated:    November 21, 2012