UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME P. GENOVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12 C 3105 |
| | ) | |
| ERIC KELLOGG; JOSEPH LETKE; | ) | |
| LETKE & ASSOCIATES, INC., and the | ) | |
| CITY OF HARVEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Plaintiff Jerome Genova ("Genova") to strike all affirmative defenses asserted by Defendants Eric Kellogg ("Kellogg"), Joseph Letke ("Letke"), Letke & Associates and the City of Harvey (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 12(f). For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

Genova was employed by Letke and Letke & Associates between June 1, 2009 and April 30, 2010, while Letke was the comptroller for the City of Harvey. During Genova's employment with Letke & Associates, Kellogg was the mayor of the City of Harvey and through his position exerted control over the comptroller's office. On several occasions Kellogg threatened to end Letke's employment as the comptroller if

he did not fire Genova, due to his support of Kellogg's rival. On April 29, 2010, Letke terminated Genova from Letke & Associates.

On April 26, 2012, Genova filed a one-count complaint alleging an unlawful retaliation claim in violation of 42 U.S.C. § 1983 (" Section 1983"). All defendants filed motions to dismiss. On February 28, 2013, this Court denied all motions to dismiss. *Genova v. Kellogg et al.*, 12 C 3105 (N.D. Ill. Feb. 28, 2013). Kellogg and the City of Harvey (collectively "Harvey Defendants") filed their answer on March 6, 2013 and Letke and Letke & Associates (collectively "Letke Defendants") answered on March 7, 2013. All Defendants filed affirmative defenses in conjunction with their answers. On March 11, 2013, Genova filed the current motion to strike the Letke Defendants' affirmative defenses in their entirety and the Harvey Defendants' third, fourth, fifth, sixth and eighth affirmative defenses.

## LEGAL STANDARD

Rule 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because motions to strike can be used as delay tactics, they are generally not a favored part of motion practice. *United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir. 1975). Affirmative defenses must comply with Rule 8(a), which requires a "short and plain statement" of the defense. *Heller Financial v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989). However, "[b]are bones conclusory allegations" are not permitted. *Id.* at 1295.

An affirmative defense that raises substantial questions of law or fact will survive a motion to strike. *416.81 Acres,* 514 F.2d at 631. Moreover, if on the face of the pleadings it appears that a set of facts could be proven that would establish the defense, the party asserting the defense must be provided an opportunity to prove the allegations. *Id.*

## DISCUSSION

### I. Letke Defendants

Genova moves to strike all five affirmative defenses asserted by the Letke Defendants. Pursuant to Genova's motion, the Letke Defendants voluntarily withdraw affirmative defenses one, two, three, and five. The Letke Defendants contest Genova's motion to strike their forth affirmative defense and assert that their defense is adequately pled at this early stage in the case when limited discovery has been exchanged.

The Letke Defendants' fourth defense asserts that Genova failed to mitigate his damages and alternatively to the extent that Genova did mitigate his damages, the Letke Defendants are entitled to an offset. Genova argues that the defense must be stricken, due to the insufficiency of the facts pled in support of their defense as required by Rule 8(a). Rule 8 only requires a "short and plain" statement which calls for the party raising the affirmative defense to provide enough facts to place their opponent on notice of the events on which the claim is based. *Sanchez v. La Rosa Del*

*Monte Express, Inc.*, 1994 WL 603901, at *2 (N.D. Ill. 1994). At this early stage in the litigation, where a limited amount of discovery has been exchanged, it would be unreasonable to require the Letke Defendants to assert a more fact intensive affirmative defense. *See id*. A more detailed pleading would require the Letke Defendants to possess a degree of clairvoyance concerning Genova's post-termination conduct. *See id*. The Court denies Genova's motion to strike the Letke Defendants' fourth affirmative defense.

**2. The Harvey Defendants**

Genova moves to strike the Harvey Defendants' third, fourth, fifth, sixth, and eighth affirmative defenses. Pursuant to Genova's motion, the Harvey Defendants voluntarily withdraw their sixth and eighth affirmative defenses.

The Harvey Defendants' third affirmative defense asserts that Kellogg is entitled to qualified immunity. A defendant in a Section 1983 claim is entitled to qualified immunity if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A motion to strike brought pursuant to Rule 12(f) "is not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed*." Atkins v. Pickard*, 298 Fed. Appx. 512, 513 (7th Cir. 2008). The Harvey

Defendants' third affirmative defense is appropriately pled and the Court denies Genova's motion to strike this defense.

The Harvey Defendants' fourth affirmative defense consists of two assertions. First the Harvey Defendants contend that they exercised reasonable care to prevent and correct their discriminatory behavior. Secondly, the affirmative defense contends that Genova failed to bring his complaints to the attention of the Harvey Defendants in accordance with the City of Harvey internal policies. Genova argues that the assertion of this defense does not have any bearing on the facts of their retaliation case under Section 1983. Genova's complaint specifies that he was fired in retaliation for exercising his First Amendment rights.

The first portion of the fourth affirmative defense does not specify any acts taken by the Harvey Defendants which support their blanket contention. The Harvey Defendants would be in the best position to review and enunciate any remedial acts that they took to mitigate any unlawful behavior. Their failure to specify what actions they took reduces their contention to a mere conclusory assertion.

The second portion of the fourth affirmative defense seems to impose an internal complaint requirement which Genova would have to establish to assert a successful First Amendment retaliation claim. To establish a prima facie case of First Amendment retaliation, a plaintiff must establish that: (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech,

and (3) his speech was at least a motivating factor in the employer's action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). The Harvey Defendants affirmative defense requiring an internal complaint as a requisite hurdle in establishing a First Amendment retaliation is an insufficient defense. The Court therefore strikes the Harvey Defendants' fourth affirmative defense.

The Harvey Defendants' fifth affirmative defense mirrors the Letke Defendants' third affirmative defense in asserting that Genova failed to mitigate his damages. As discussed above, at this early stage in the litigation with a minimal amount of discovery being exchanged, the Harvey Defendants have sufficiently informed Genova of their asserted defense. The Court denies Genova's motion to strike the Harvey Defendants' fifth affirmative defense.

## CONCLUSION

For the forgoing reasons, Genova's motion to strike the Letke Defendants' fourth affirmative defense and the Harvey Defendants' third and fifth affirmative defenses is denied. Genova's motion to strike the Harvey Defendants' fourth affirmative defense is granted.

Charles P. Kocoras
United States District Judge

Dated:   May 3, 2013